MEMORANDUM **
Debtor Burnett Watkins appeals pro se a decision by the Bankruptcy Appellate Panel (BAP), affirming a bankruptcy judge’s ruling in a Chapter 7 proceeding that a judgment debt owed to creditor Market Express Transportation, Inc. is not dischargeable. Watkins contends the bankruptcy judge committed various evi-dentiary and procedural errors during the two-day trial. We affirm.
The bankruptcy court did not abuse its discretion by not granting Watkins’s motion in limine to exclude an expert’s report offered by Market Express. Watkins waived any objection to the admissibility of the report by offering it as an exhibit. See Coursen v. A.H. Robins Co., 764 F.2d 1329, 1340 (9th Cir.1985) (noting party may not challenge an in limine ruling when her attorney elicited the objectionable evidence). Moreover, Watkins cannot demonstrate prejudice in light of the bankruptcy court’s statements that it did not consider the report in making its decision. See Latman v. Burdette, 366 F.3d 774, 786 (9th Cir.2004) (noting party must show *246 prejudice for a reversal based on an evi-dentiary error). Finally, to the extent Watkins challenges the bankruptcy court’s failure to rule on his motion, we have explained that in a bench trial, the need for an advanced ruling on a motion in limine to exclude eyidence is “generally superfluous” and unnecessary. See United States v. Heller, 551 F.3d 1108, 1112 (9th Cir.), cert. denied, — U.S. -, 129 S.Ct. 2419, 173 L.Ed.2d 1323 (2009).
There was also no abuse of discretion in excluding certain exhibits offered by Watkins. In each instance, the exhibits contained inadmissible hearsay, were not relevant, or were not properly authenticated. Contrary to Watkins’s contention, impeachment evidence is not required to be disclosed in pretrial submissions or during discovery. See Fed.R.Civ.P. 26(a)(3) (excluding evidence used “solely for impeachment” from pretrial and discovery disclosures); see also Gribben v. United Parcel Serv., Inc., 528 F.3d 1166, 1172 (9th Cir.2008) (“impeachment evidence does not have to be revealed in pretrial disclosures”).
Finally, the judgment debt was nondis-chargeable under 11 U.S.C. § 523(a)(2)(A) (providing a debt obtained by “false pretenses, a false representation, or actual fraud” is not dischargeable). Watkins does not expressly challenge the bankruptcy court’s finding of fraud by reference to the record. Rather, he argues the bankruptcy court erred by not admitting his exhibits, by admitting evidence not disclosed pretrial, and by relying on the expert’s report. Because we reject those evidentiary arguments, we affirm the bankruptcy court’s ruling on the merits.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.